NUMBER 13-00-771-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


HUMBERTO RODRIGUEZ, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 92nd District Court of Hidalgo County, Texas.

 


MEMORANDUM OPINION ON REMAND


Before Chief Justice Valdez and Justices Yañez and Rodriguez


Memorandum Opinion by Justice Yañez


 

Appellant, Humberto Rodriguez, Jr., was convicted of aggravated kidnapping and
capital murder. Because the State did not seek the death penalty for the capital murder,
the jury sentenced him to twenty-eight years' confinement for the aggravated kidnapping,
and life imprisonment for the capital murder. On remand, we affirm.

Procedural Background 


On direct appeal following his conviction, appellant raised seven points of error,
including his first point, in which he argued that the State lacked jurisdiction to charge him
with capital murder. A panel of this Court held that the State did not have territorial
jurisdiction over the capital murder offense, reversed appellant's capital murder conviction,
and overruled appellant's remaining points of error. (1) 

On the State's petition for discretionary review, the Texas Court of Criminal Appeals
held that because the kidnapping was an element of the capital murder and the kidnapping
occurred in Texas, the jurisdictional requirements of section 1.04(a)(1) of the penal code
were met, and therefore, the State has jurisdiction over the capital murder offense. The
court of criminal appeals reversed this Court's judgment as to the capital murder
conviction, and remanded to us for further action. (2)

Analysis 


In his first point, appellant argues that because none of the elements of capital
murder occurred in Texas, the State lacks jurisdiction over the offense. We disagree.

Section 1.04(a)(1) of the penal code provides for territorial jurisdiction "if either the
conduct or a result that is an element of the offense occurs inside this state." (3) Thus, the
State has jurisdiction if either the "result" element or the "conduct" element of the offense
occurred in Texas. (4) As the court of criminal appeals noted, "under our case law, the
aggravating 'nature of circumstances and/or nature of conduct elements' are elements of
the offense of capital murder." (5) In the present case, "[t]he kidnapping was the required
aggravating 'nature of conduct' element that elevated the offense of murder to capital
murder." (6) Because the kidnapping occurred in Texas, Texas has territorial jurisdiction over
the capital murder offense. (7) We overrule appellant's first point of error and affirm the trial
court's judgment.


 

 LINDA REYNA YAÑEZ,

 Justice




Do not publish. Tex. R. App. P. 47.2(b).


Memorandum Opinion on Remand delivered 

and filed this the 18th day of October, 2007. 





1. Rodriguez v. State, No. 13-00-771-CR, 2003 Tex. App. LEXIS 6962 (Tex. App.-Corpus Christi
August 14, 2003), rev'd and remanded, 146 S.W.3d 674, 675 (Tex. Crim. App. 2004). 
2. Rodriguez, 146 S.W.3d at 677. 
3. Id. at 675 (quoting Tex. Penal Code Ann. § 1.04(a)(1) (Vernon 2003)).
4. Id. at 676.
5. Id. at 677 (citing Reyes v. State, 84 S.W.3d 633, 636 (Tex. Crim. App. 2002)). 
6. Id.
7. Id.